HAM *v.* WEST.

[78 South, 291, Division A.]

1. BASTARDY. *Proceedings. Jurisdiction. Taking down evidence.*
   The jurisdiction of a justice of the peace in bastardy proceeding is obtained by following the procedure prescribed for bringing

the parties into court, and the mere failure of the justice to take down the evidence at the trial in writing as required under Code 1906, section 268 (Hemingway's Code, section 217), did not deprive him of jurisdiction since this provision of the statute only relates to trials.

2. BASTARDY. *Proceedings. Evidence. Admissibility.*
   In bastardy proceedings, the statement of plaintiff while in travail to her attending physicians, that defendant was the father of the child, was admissible in evidence.

3. BASTARDY. *Proceedings. Verdict. Form.*
   Under Code 1906, section 277 (Hemingway's Code, section 226), prescribing the form of verdict in bastardy proceedings a verdict of "we the jury, find for the plaintiff in the sum of five dollars per month for a term of ten years, to be paid in monthly instalments," was legal.

APPEAL from the circuit court of Perry county.

HON. PAUL B. JOHNSON, Judge.,

Bastardy proceedings by Ernie West, by next friend, against Elmore Ham. From a judgment for plaintiff, defendant appeals.

The facts are fully stated in the opinion of the court.

*A. T. L. Watkins,* for appellant.

Evidently our lawmakers, in directing the testimony to be taken down in writing before the justice of the peace were not "joking." Evidently they intended that by so doing defendant might, while being arrested and imprisoned, or detained, and while the charge was being initiated, might be informed with the nature of the accusation against him and have an opportunity to prepare for his defense; he could then refresh his memory, as to where he was at the dates named as the time and place of sexual intercourse; the period of conception; who was with him; and consult with his witnesses; have them refresh their memory, and prepare for his defense; show where he was at the time, who was present; would have some sort of opportunity of meeting the charge. "Where examination of the prosecutrix

before the justice of the peace, should be taken down in writing, the examination should also be authenticated, as the right of the defendant to have the prosecutrix examined, is for his benefit" and was not waived by him. See 5 Cyc. pages 653-54.

As we understand, this kind of proceeding was un- known to the common law, and is an innovation on the common law, highly penal, and must be strictly con- strued, especially by she who would invoke its benefits. See *Welch* v. *Cliburn,* 94 Miss. 446, under common law. She could not so much as testify in her own behalf. See 5 Cyc., page 657. It will also be remembered that a charge of like character could not be sustained by the un- corroborated testimony of the female alone; and as to the paternity of the child, Dr. Robinson, her only witness, only repeated the statement elicited from plaintiff, at the suggestion of an interested party, not *in "ex- tremis,"* not a dying declaration, and no such circum- stances were shown, as would give it the solemnity of evidence. The statute would not apply to what she might have said to the doctor under such circumstances, as shown. See *Johnson* v. *Walker,* 86 Miss. 863, and citations there.

We urge that in entering a voluntary nonsuit plain- tiff put herself out of court, both as to the justice of the peace court and also the circuit court, and is per- petrating a fraud on the defendant, under cover of law. 5 Cyc., page 653.

The appellant urges that in a *quasi*-criminal suit, or bastardy suit, the proof should be, "to reasonable certainty" which is equivalent to "beyond a reasonable doubt." See 75 So. 175; so far from being "to a rea- sonable certainty," the preponderance of the evidence is with defendant. There was no verdict (legal). Sec. 277, Code 1906. See also 5 Cyc., page 669. The award should be for specific amount. See verdict, page 71 of record. The said verdict does not follow the instruction of the court, and is for no fixed sum, is manifestly con-

trary to the evidence and the law, and should be reversed and cause dismissed.

*E. C. Fishel* and *Tally & Mayson,* for appellee.

While the writer was not present, it is manifest from the phraseology, of the judgment, that the learned justice of the peace performed his duty; the rule is so well established as to be axiomatic that a judgment imports verity, and that the unvarying presumption is that public officials discharge their duty. Appellee could have prosecuted an appeal from the justice court to the circuit court from a judgment of nonsuit. *Gill* v. *Jones,* 57 Miss. 367; *McKinnon* v. *Hall,* 78 Miss 307, 29 So. 149.

With reference to the complainant that there should have been an examination of the prosecutrix, the defendant and witness before the justice and the substance thereof reduced to writing, we have to say: That there is no evidence that such was not done, but conceding for this purpose that it was not done, such a proceeding was not necessary or material to give the circuit court jurisdiction. The statute is directory. The requirement that the testimony be reduced to writing is primarily for the benefit of the defendant and may be waived by him. 5 Cyc. 654.

Without reference, though, for whose benefit that provision was designed, neither party ought to have any right jeopardized by a failure of the official to perform his duty. Neither could compel him so to do. The defendant and not the prosecutrix is the only one who could possibly benefit by a failure to put the testimony in writing. In case of her death the testimony in writing taken before the justice may be read in evidence and have the same force and effect as if she were living. Code 1906, section 272; Hemingway's Code, section 272. This is clearly an exception to the rigid rule against the admissibility of hearsay testimony.

We respectfully submit that there is no merit in the appeal and that the same should be affirmed.

SYKES, J., delivered the opinion of the court.

The appellant, Elmore Ham, prosecutes an appeal to this court from a judgment of the circuit court in favor of appellee, Ernie West, by her father and next friend, ordering and adjudging that appellee have and recover from Elmore Ham the sum of five dollars a month for a period of ten years.

This suit originated before a justice of the peace, under chapter 15, Code of 1906 (chapter 7, Hemingway's Code), relating to bastardy proceedings. In the justice's court judgment was rendered in favor of the appellant, and an appeal was prosecuted by appellee to the circuit court. The first alleged error presented to us by the appellant is that the justice of the peace failed to take down in writing the testimony of witnesses introduced in the lower court, as provided in section 268, Code of 1906 (section 217, Hemingway's Code). It is contended by the appellant that the failure to reduce to writing the testimony of the witnesses is a jurisdictional defect, and that by failure so to do the justice of the peace was without jurisdiction to render judgment in the case, and that the circuit court was without jurisdiction to consider the case on appeal. This provision of the statute, however, only relates to trials. The jurisdiction is obtained by following the procedure prescribed for bringing the parties into court, all of which was properly done in this case.

It is also insisted that the testimony of Dr. Robinson, to the effect that the appellee told him while in travail that appellant was the father of her child, was inadmissible. This character of testimony was expressly decided to be admissible by this court in the case of *Johnson* v. *Walker,* 86 Miss. 764, 39 So. 49, 1 L. R. A. (N. S.) 470, 109 Am. St. Rep. 793.

It is also contended by appellant that there was no legal verdict in this case. The verdict of the jury reads as follows:

"We, the jury, find for the plaintiff in the sum of five dollars per month for a term of ten years, to be paid in monthly installments."

The beginning of section 277, Code of 1906 (section 226, Hemingway's Code) is as follows:

"If the jury shall find for the complainant, it may assess such damages as it may think proper in her favor, or in favor of the child if the mother be dead, and may direct the same to be paid annually or otherwise for any term of years not exceeding eighteen, and the court shall render judgment accordingly."

We do not think the verdict of the jury in this case is objectionable. It in effect renders judgment for six hundred dollars in favor of the appellee, payable in monthly installments, covering a period of ten years. We think the testimony sufficient to uphold the verdict and judgment of the lower court. We find no error in the instruction complained of by the appellant. Judgment of the lower court is affirmed.

*Affirmed.*