EMMERICK *v.* HUGHES.

(Division A. Oct. 13, 1930.)

[130 So. 154. No. 28837.]

E. A. Whittington, of Liberty, and J. S. McGuire, of McComb, for appellant.

Tucker & Tucker, of Woodville, for appellee.

McGowen, J., delivered the opinion of the court.

In a bastardy proceeding wherein Mrs. Maggie Hughes, the appellee, was the plaintiff, and Dave D. Emmerick, the appellant, was the defendant, the jury returned into court the following verdict: "We the jury find for the plaintiff and fix the damages for the support, maintenance and education of the bastard child, Dave D. Emmerick, Jr., at ten dollars per month and that same be paid in monthly installments for a period of sixteen years." And the court below entered a judgment in accordance with this verdict.

The only assignment of error worthy of written comment from us is as to the form of the judgment. The applicable part of section 231, Hemingway's Code 1927, section 277, Code 1906, is as follows: "If the jury shall find for the complainant [in a bastardy proceeding], it may assess such damages as it may think proper in her favor, or in favor of the child, if the mother be dead, and may direct the same to be paid annually or otherwise for any term of years not exceeding eighteen, and the court shall render judgment accordingly."

In the case at bar the jury, in effect, returned a verdict in favor of the plaintiff for the sum of one thousand nine hundred and twenty dollars payable in monthly installments of ten dollars each for a period of sixteen years, and the statute authorizes and provides for just this kind of verdict.

The appellant, however, says that the verdict as rendered and the judgment as entered for the purpose of providing support for the child, in event of the death of the child, would operate in favor of the child's estate.

There seems to be nothing in the language of the statute that would prevent a verdict for a lump sum. However, it is unnecessary for us to decide this question, for the verdict and judgment are each precisely according to the provisions of the statute, and if and when the situation shall change, the question will then be properly presented for decision.

In the case of Ham v. West, 117 Miss. 340, 78 So. 291, substantially this verdict and judgment was approved.

The other assignments of error are without merit.

Affirmed.